UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| OTTO K. APPELT, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 04-32-P-S |
| | ) | |
| | ) | Civil No.  06-04-P-S |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Otto Appelt is serving a ninety-six month sentence after being convicted of a 18 U.S.C. § 841(i) offense: setting fire to a building affecting interstate commerce.  Appelt has filed a 28 U.S.C. § 2255 motion listing four grounds.  The United States has filed a motion to dismiss (Docket No. 5), Appelt has not responded to this pleading, and I recommend that the Court grant this motion and deny Appelt § 2255 relief.

*Discussion*

*Grounds One and Two*

Grounds one and two to Appelt's 28 U.S.C. § 2255 motion claim that the prosecution failed to disclose evidence favorable to the defense.  Appelt asserts that on Wednesday December 11, 2002, he sent his landlord a letter that Appelt anticipated would arrive Friday.  A Kittery, Maine police officer who represented that he was unaware of Appelt's whereabouts until late in the morning of December 13, showed up (I am guessing before December 13) accompanied by a fire marshal, at the address listed as the return address of this letter.  It is difficult to decipher the remainder of this ground but, as best as I can garner, Appelt believes that  something fishy went on in the handling

of this letter and it would have been possible to discredit this officer and Appelt's landlord had the information been disclosed. In his second ground Appelt states that on November 12, 2002, the morning of the fire, his landlord was questioned by fire department personnel as to possible suspects for the arson. According to Appelt, his landlord speculated that all three of his male tenants – Christ Sventonoff, Kenneth Yankaver, and Appelt– were possible suspects. Appelt seems to be asserting that law enforcement agents involved in the investigation and prosecutors improperly dropped Yankaver as a witness and improperly relied on Sventonoff, who had only secondhand knowledge of the case and "muddled recollection covering sparsely Appelt's and Yankaver's chaotic antics while previously inside crime location's household." Appelt also seems to assert that the prosecution impermissibly supplemented its witness list.

The United States is correct that to the extent that Appelt is trying to make out a claim under Bracy v. Maryland, 373 U.S. 83 (1963), he has failed to articulate a cognizable claim. From his description of this claim it is impossible to determine whether the allegedly withheld evidence would have been actually exculpatory let alone whether or not its withholding had constitutional dimension in the sense that there was "a reasonable probability that the result would have been different had the defense been provided the undisclosed evidence before trial." United States v. Hahn, 17 F.3d 502, 510 (1st Cir. 1994); see also Barrett v. United States, 965 F.2d 1184, 1188-89 (1st Cir. 1992).

*Ground Three*

In his third ground Appelt asserts that his attorney rendered ineffective assistance in preparing his defense. Appelt states:

> While I invested our [mine & defense attorney Vincent's] initial 30 days breaking down case's discovery, Joel C. Esq. relinquished less than a

2

single 8 hr. workday transferring what he thought were telltale red flags pointing to guilt...  I, in turn, pointed out (April's final weekend a letter prompting resignation had been composed) that court-condoned attorney erred when it came down to mere elementary copying crime scene's LOCATION, business TITLE (actually Vincent traced this one correctly – prosecutors Chapman and McElwee blew it and Defendant receives heartfelt appreciation in the form of becoming superseded indicted:  I'll say "no good deed goes unpunished" and FOUR TIMES total when bringing emphasized attention upon each Christ Svetonoff together with Kenneth Yankaver (owner Nancy Bogenberger wasn't spared either). __ Lacking exceedingly preparation time, the promised private investigator, which never achieved fruition, a trial lawyer who did attentively alternate his nose solely from within Federal Sentencing Guidelines pages to intense depths straight up those hindquarters; all hand in hand among Appelt's bypassing (Joel C. had been confronted twice about discovery's mentioning pinpointedly a Kittery police officer's arrival at the crime scene ahead of any fire dept. officials, once thru client alone next a more formal affair while he & I both were before magistrate David M. Cohen) competent [?] representation in his mailing off [June 1] a very stern but effectively direct note unto K.P.D. Chief Edward Strong (copies of forwarded to VINCENT, KANTZ & RUFFNER, [U,S,] Attorney Jonathan R. Chapman, Portland Press Herald and Portsmouth Herald) ... Sunday evening [June 6th] Vincent informs me because there was no investigation, therefore there is no commentary/report to be had (he also mentioned I should try and steer clear from being quite so-passionate-futurewise: like I'm listening to him now).  On our final face-to-face facsimile prior trial, client introduces role playing centering around witnesses for the prosecution (seeing how defense attorney showed up in company with legibly labeled file folders CONSISTING ONLY OF witnesses for the prosecution) – exercising an index finger at random and suggesting Vincent Q&A me as if I were O.K. prosecutors' he or she ... After slight hesitation, Appelt became privy to Joel C.'s "chance of a lifetime [cognizant wise]" leveling; That's just not how he would employ said strategic siege (undoubtedly paraphrasing, though damn exact recollection, rest assured without my taking pause).  Vincent's bombshell maneuvers had been his self alongside myself feverishly jotting down a haphazard battery of questions (one could wonder forever and a day why he's never applied for patent protection) during defense's situated [non]finesse[ly] before the jury pool.  Well, everything was hardly lost; I'm certain prosecutors Chapman & McElwee were most definitively all that much more greatful!!

As with Appelt's Brady claims, the above description of his ineffective assistance of counsel claim is not susceptible to a reasoned discussion under the governing legal

standards for a Sixth Amendment denial of adequate representation claims: Strickland v. Washington, 466 U.S. 668 (1984).  To gain relief under Strickland Appelt must demonstrate both a sufficient deficiency of performance and meaningful prejudice to the defense.  See id. at 687-88.   The passage quoted above falls far short of this two-pronged demonstration.

*Ground Four*

Appelt describes his final claim as his having been subject to conduct unbecoming to a prosecutor(s) and transcript testimonial tampering.  In what is perhaps his most incomprehensible description of factual underpinnings, Appelt seems to be focusing on a hearing on a motion to withdraw by his attorney held on May 11, 2004, in front of United States Magistrate Judge Cohen, but he also mentions the transcripts of the jury impanelment and trial.  It is impossible to offer any analysis of this ground based on the over two pages of handwritten text proffered by Appelt; it is not even possible to distill a summary of Appelt's discontents.

*Conclusion*

For the reasons above I recommend that the Court **GRANT** the United States' motion to dismiss (Docket No. 5) and summarily deny this 28 U.S.C. § 2255 motion.

NOTICE

A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by
the district court is sought, together with a supporting memorandum,
within ten (10) days of being served with a copy thereof.  A responsive
memorandum shall be filed within ten (10) days after the filing of the
objection.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 2, 2006.

                   /s/Margaret J. Kravchuk
                   U.S. Magistrate Judge